UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTERNATIONAL TECHNOLOGICAL AND UNIVERSITY FOUNDATION,

Plaintiff,

v.

WASC SENIOR COLLEGE AND UNIVERSITY COMMISSION,

Defendant.

Case No.  25-cv-08277-PCP

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 12

In this action, plaintiff International Technological University Foundation (ITU) alleges that defendant WASC Senior College and University Commission (WSCUC) unlawfully withdrew its accreditation of ITU. WSCUC now moves to dismiss all but one of ITU's claims. For the reasons that follow, WSCUC's motion is granted.

## BACKGROUND

ITU is a higher-educational institution in Santa Clara, California that primarily serves international students from China and India. WSCUC is a nonprofit organization that accredits such institutions pursuant to Department of Education regulations. WSCUC first accredited ITU in 2012 and again in 2018. Then, in 2022, WSCUC withdrew ITU's accreditation for the first time. ITU sued, asserting claims for breach of contract and the implied covenant of good faith and fair dealing, among others. Another court in this district granted WSCUC's motion to dismiss, finding that ITU did not plausibly allege the existence of any contract, that the relationship between accreditation bodies and the institutions they accredit is better assessed through the lens of administrative-law principles, and that ITU could therefore seek relief only through a federal common-law due-process claim. *See* Order Granting Motions to Dismiss, Dkt. No. 80, at 5–8, *Int'l Tech. Univ. Found. v. WASC Senior Coll. & Univ. Comm'n* ("*ITU I*"), No. 22-cv-04576-BLF

(N.D. Cal. May 3, 2023). Although the court in *ITU I* granted ITU leave to amend its complaint, the parties stipulated to dismiss the original case with prejudice before ITU had filed an amended complaint. WSCUC represents that this was because the parties agreed that WSCUC would revisit its accreditation decision.

In 2025, WSCUC again withdrew ITU's accreditation, prompting ITU to file this action. ITU now asserts claims against WSCUC for (1) violation of common-law due process; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; (4) defamation per se; (5) racial discrimination in the making and enforcement of contracts in violation of 42 U.S.C. § 1981; and (6) "injunctive and declaratory relief." WSCUC moves to dismiss all but the first claim and asks the Court to dismiss or strike ITU's requests for damages and a jury trial as to the first claim.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the nonmoving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell*

United States District Court
Northern District of California

2

*v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Materials outside the complaint can be considered on a Rule 12(b)(6) motion if they are incorporated by reference therein or otherwise judicially noticeable. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A [district] court may [] consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). The Court may consider documents that are "not physically attached to the complaint" "if the [] 'authenticity ... is not contested' and 'the plaintiff's complaint necessarily relies' on them." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998)).

**ANALYSIS**

WSCUC argues that ITU fails to state a claim except under a common-law due-process theory. The Court agrees.[1]

This is not the first time ITU has raised its accreditation dispute with WSCUC in this district. As noted above, another court in this district dismissed similar claims asserted by ITU against WSCUC in connection with WSCUC's first decision to withdraw ITU's accreditation in 2022. *See ITU I*, No. 22-cv-04576-BLF, at 5–8. The *ITU I* court determined that WSCUC's accreditation handbook and related policies do not constitute a contract between WSCUC and ITU. *See id.* at 6–8. That conclusion is entitled to issue-preclusive effect. *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir.2005). And it disposes of ITU's claims for breach of contract, breach of the covenant of good faith and fair dealing, and violation of 42 U.S.C.

---

[1] As ITU notes in its opposition, an institution of higher education that is accredited pursuant to federal law generally must "agree[] to submit any dispute involving the final denial, withdrawal, or termination of accreditation to initial arbitration prior to any other legal action." 20 U.S.C. § 1099b(e). ITU explains that it filed this action without first arbitrating this dispute because WSCUC "did not have an arbitration protocol in place through which ITU could demand arbitration after the withdrawal of its accreditation," and the parties "could not agree upon an arbitration protocol." Because WSCUC does not seek to compel arbitration of this matter, the Court need not address this issue. *See Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715 SC, 2006 WL 3422198, at *4 (N.D. Cal. Nov. 28, 2006) ("[T]he Court cannot, *sua sponte,* order parties to arbitration.").

United States District Court
Northern District of California

§ 1981, all of which depend on the existence of a contract between the parties. Even were the holding in *ITU I* not entitled to preclusive effect, this Court agrees with the consensus among federal courts that accreditation standards are not contractual in nature. *See ITU I*, No. 22-cv-04576-BLF, at 7 ("The relationship between an accrediting body and an institution seeking accreditation is more akin to the relationship between an applicant and an administrative or licensing body than a contractual relationship."); *see also Pro. Massage Training Ctr., Inc. v. Accreditation All. of Career Sch. & Colleges*, 781 F.3d 161, 181 (4th Cir. 2015); *Found. for Interior Design Educ. Rsch. v. Savannah Coll. of Art & Design*, 244 F.3d 521, 532 (6th Cir. 2001); *Chicago Sch. of Automatic Transmissions, Inc. v. Accreditation All. of Career Sch. & Colls.*, 44 F.3d 447, 450 (7th Cir. 1994).

In its opposition to WSCUC's motion, ITU does not dispute that the dismissal of its contract claims in *ITU I* has preclusive effect as a general matter. It argues only that preclusion does not apply here because this case presents different issues. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 326 (9th Cir. 1988) ("The issue in the prior action must be identical to the issue for which preclusion is sought."). ITU contends that the court in *ITU I* concluded only that WSCUC's accreditation handbook was not a contract. *See ITU I*, No. 22-cv-04576-BLF, at 5. By contrast, ITU's complaint in this action alleges that an "accreditation contract" between the parties arose not only from the handbook but also "included [other] oral, written, and implied-in-fact terms." But the only specific terms ITU's complaint identifies are those in the handbook. To the extent ITU attempts to argue that a contract exists separate and apart from the handbook, it fails to allege any facts showing as much. And its "conclusory allegation that a contract existed is insufficient to state a claim for relief." *Cicalla v. Rogers*, No. 22-CV-1999, 2023 WL 3304491, at *5 (E.D. Cal. May 8, 2023) (quoting *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)).

ITU's defamation per se claim also fails. Under California law, a privileged statement is not defamatory. *Med. Marijuana, Inc. v. ProjectCBD.com*, 46 Cal. App. 5th 869, 888 (2020). ITU alleges that WSCUC's statements announcing its withdrawal of ITU's accreditation were defamatory, but those statements were privileged because they were made as part of formal accreditation proceedings authorized by law. *See* Cal. Civ. Code § 47(b) (explaining that

4

statements made in an "official proceeding authorized by law" are privileged); 20 U.S.C. § 1099b(a)(6) (setting forth certain requirements for "the accrediting process, including evaluation and withdrawal proceedings"); 30 C.F.R. §§ 602.18, 602.20, 602.25 (implementing regulations).

ITU's claim for injunctive and declaratory relief fails because "injunctive relief" is a remedy rather than an independent cause of action, *Saridakis v. JPMorgan Chase Bank*, No. CV 14-06279, 2015 WL 570116, at *4 (C.D. Cal. Feb. 11, 2015), and the request for declaratory relief is entirely duplicative of ITU's other claims, *see Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

That leaves only ITU's claim for WSCUC's alleged violation of common-law due process. WSCUC does not seek to dismiss this claim, so it may proceed. But WSCUC argues, and the Court agrees, that ITU may not seek damages or a jury trial in connection with this claim. As noted above, federal courts have universally concluded that claims challenging accreditation decisions are akin to administrative-law claims, for which the only appropriate remedy is remand to the accreditation agency to cure arbitrary, capricious, or otherwise procedurally or substantively defective decisions. *See ITU I*, No. 22-cv-04576-BLF, at 7–8; *see also William Loveland Coll. v. Distance Educ. Accreditation Comm'n*, 347 F. Supp. 3d 1, 12 n.11 (D.D.C. 2018) (collecting cases), *aff'd sub nom. William Loveland Coll. v. Distance Educ. Accrediting Comm'n*, 788 F. App'x 5 (D.C. Cir. 2019). This Court concurs with and adopts these other courts' analyses.[2]

## CONCLUSION

For the foregoing reasons, WSCUC's motion to dismiss is granted.

**IT IS SO ORDERED.**

Dated: March 13, 2026

P. Casey Pitts
United States District Judge

---

[2] Because ITU's common-law due-process claim is quasi-administrative in nature, it is governed by the procedures set forth in Civil Local Rule 16-5 for review on an administrative record.