United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTERNATIONAL TECHNOLOGICAL AND UNIVERSITY FOUNDATION,

Plaintiff,

v.

WASC SENIOR COLLEGE AND UNIVERSITY COMMISSION,

Defendant.

Case No. 25-cv-08277-PCP

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 30, 32

In this action, plaintiff International Technological University Foundation (ITU) alleges that defendant WASC Senior College and University Commission (WSCUC) unlawfully withdrew its accreditation of ITU. The Court previously granted WSCUC's motion to dismiss all claims except the common-law due process claim. *See Int'l Tech. & Univ. Found. v. Wasc Senior Coll. & Univ. Comm'n*, No. 25-CV-08277-PCP, 2026 WL 710396 (N.D. Cal. Mar. 13, 2026) ("*ITU II*"). The parties have now filed cross-motions for summary judgment. For the reasons that follow, ITU's motion for summary judgment is denied, and WSCUC's cross-motion for summary judgment is granted.

**BACKGROUND**

ITU is a higher-educational institution in Santa Clara, California that primarily serves international students from China and India.[1] WSCUC is a nonprofit organization that accredits such institutions pursuant to Department of Education regulations. WSCUC first accredited ITU in 2012 and again in 2018. Then, in 2022, WSCUC withdrew ITU's accreditation for the first time. ITU sued, asserting claims for breach of contract and the implied covenant of good faith and fair

[1] Unless otherwise noted, the facts set forth herein are undisputed on the record before the Court.

dealing, among others. Another court in this district granted WSCUC's motion to dismiss, finding that ITU did not plausibly allege the existence of any contract, that the relationship between accreditation bodies and the institutions they accredit is better assessed through the lens of administrative-law principles, and that ITU could therefore seek relief only through a federal common-law due-process claim. *See* Order Granting Motions to Dismiss, Dkt. No. 80, at 5–8, *Int'l Tech. Univ. Found. v. WASC Senior Coll. & Univ. Comm'n* ("*ITU I*"), No. 22-cv-04576-BLF (N.D. Cal. May 3, 2023). Although the court in *ITU I* granted ITU leave to amend its complaint, the parties stipulated to dismissal of the original case with prejudice before ITU had filed an amended complaint. WSCUC represents that this was because the parties had agreed that WSCUC would revisit its accreditation decision.

In 2025, WSCUC again withdrew ITU's accreditation, prompting ITU to file this action. ITU asserted claims against WSCUC for (1) violation of common-law due process; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; (4) defamation per se; (5) racial discrimination in the making and enforcement of contracts in violation of 42 U.S.C. § 1981; and (6) "injunctive and declaratory relief." WSCUC moved to dismiss all but the first claim, and the Court granted that motion. *See ITU II*, 2026 WL 710396, at *3. The parties have now filed cross-motions for summary judgment on the remaining common-law due process claim.

**LEGAL STANDARD**

Courts may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is material if it "might affect the outcome of the suit under the governing law." *Id.*

The moving party bears the initial burden to demonstrate a lack of genuine factual dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 325). The burden then shifts to the nonmoving party to "provide

affidavits or other sources of evidence that 'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 1076 (quoting Fed. R. Civ. P. 56(e)). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* at 587.

**ANALYSIS**

As an initial matter, ITU contends that claims challenging accreditation decisions are not governed by the same standards as administrative-law claims. Motion for Summary Judgment, Dkt. No. 30, ¶¶ 13–15; Reply in Support of Motion for Summary Judgment, Dkt. No. 33, at 3–10. But as the Court explained in its order on the motion to dismiss, federal courts have universally concluded that claims challenging accreditation decisions are akin to administrative-law claims. *See ITU II*, 2026 WL 710396, at *3; *ITU I*, No. 22-cv-04576-BLF, at 7–8; *see also William Loveland Coll. v. Distance Educ. Accreditation Comm'n*, 347 F. Supp. 3d 1, 12 n.11 (D.D.C. 2018) (collecting cases), *aff'd sub nom. William Loveland Coll. v. Distance Educ. Accrediting Comm'n*, 788 F. App'x 5 (D.C. Cir. 2019). "Federal courts have consistently limited their review of decisions of accrediting associations to whether the decisions were 'arbitrary and unreasonable' and whether they were supported by 'substantial evidence.'" *Wilfred Acad. of Hair & Beauty Culture, Houston, Tex. v. S. Ass'n of Colleges & Schs.*, 957 F.2d 210, 214 (5th Cir. 1992). Indeed, ITU's complaint sounds in administrative law, pleading that "WSCUC failed to follow its own policies and practices and applicable federal law, and acted unreasonably, arbitrarily, and capriciously. ITU was denied due process as a result." Complaint, Dkt. No. 1, ¶ 49. The complaint further pleads that "[a] decision by an accrediting association is invalid if the decision is arbitrary[,] capricious, or unreasonable." *Id.* ¶ 51. Although the Ninth Circuit has not squarely decided whether challenges to accreditation decisions are akin to administrative-law claims, it has "proceed[ed] under the assumption that [a university] can bring a common law due process claim

in this circuit and that the arbitrary and capricious standard is applicable to such a claim." *Nat'l Univ. of Health Scis. v. Council on Chiropractic Educ., Inc.*, 980 F.3d 679, 681 (9th Cir. 2020). Because federal courts have universally determined that accreditation decisions are akin to administrative-law claims, the Ninth Circuit has applied that same standard, and ITU's own complaint invokes administrative law principles, the Court evaluates ITU's common-law due process claim by applying those principles.

"In reviewing an accrediting association's decision to withdraw a member's accreditation, the courts have accorded the association's determination great deference" given "the professional judgment these associations must necessarily employ in making accreditation decision." *Wilfred Acad. of Hair & Beauty Culture, Houston, Tex.*, 957 F.2d at 214; *see also Marjorie Webster Jr. Coll., Inc. v. Middle States Ass'n of Colleges & Secondary Schs., Inc.*, 432 F.2d 650, 657 (D.C. Cir. 1970 ("[W]e believe that judicial review of [the accreditor's] standards should accord substantial deference to [the accreditor's] judgment regarding the ends that it serves and the means most appropriate to those ends."). As a result, "[w]hen adjudicating common law due process claims against accreditation agencies, courts should 'focus primarily on whether the accrediting body's internal rules provide[d] a fair and impartial procedure and whether it [followed] its rules in reaching its decision.'" *Pro. Massage Training Ctr., Inc. v. Accreditation All. of Career Schs. & Colleges*, 781 F.3d 161, 172 (4th Cir. 2015) (quoting *Wilfred Acad. of Hair & Beauty Culture, Houston, Tex.*, 957 F.2d at 214). "Although not governed by constitutional guidelines, [WSCUC] nevertheless must conform its actions to fundamental principles of fairness." *Med. Inst. of Minnesota v. Nat'l Ass'n of Trade & Tech. Schs.*, 817 F.2d 1310, 1314 (8th Cir. 1987).

In this case, there is no meaningful dispute regarding whether WSCUC followed its rules and provided a fair and impartial procedure to ITU before revoking its accreditation. Before any decision about ITU's accreditation was made in 2022, WSCUC concluded that ITU was out of compliance with WSCUC's standards and Criteria for Review (CFR), including those related to financial controls, stability, and sustainability (CFR. 3.4); qualified leadership (CFR 3.8); integrated strategic and resource planning (CFR 4.6); and its teach-out plan for students when continuity is at issue (CFR 1.6). Before its 2024 decision revoking ITU's accreditation, WSCUC

United States District Court
Northern District of California

also concluded that ITU was out of compliance with an additional standard regarding integrity (CFR 1.8). WSCUC's policies permit the withdrawal of accreditation when an institution is out of compliance with only one of these standards, and substantial evidence supported WSCUC's determinations, so WSCUC's decision was neither arbitrary nor capricious.[2]

The record also indicates that ITU followed the procedures set forth in WSCUC's 2013 Handbook of Accreditation and WSCUC's Institutional Appeals Policy in deciding to revoke ITU's accreditation, and at each stage of its decision-making, WSCUC provided ITU with notice and an opportunity to respond. *Pro. Massage Training Ctr., Inc.*,781 F.3d at 172. WSCUC first revoked ITU's accreditation in March 2022, but in November 2023, ITU and WSCUC entered into an agreement that allowed WSCUC to reconsider its decision. WSCUC then withdrew its accreditation decision in December 2023 and continued ITU's accreditation with an Order to Show Cause and a special visit to be conducted in spring 2024, the focus of which was ITU's compliance with WSCUC's standards and CFRs. The special visit took place on April 3–5, 2024, and the Special Visit team sent their report to ITU on May 20, 2024. ITU submitted a response to the report and requested a good cause extension of its accreditation on June 6, 2024. WSCUC held a hearing on the request, which ITU attended, on June 27, 2024, and WSCUC denied ITU's request and withdrew ITU's accreditation on June 28, 2024. ITU was notified of that decision on July 18, 2024, through a commission action letter. Subsequently, ITU submitted a notice of intent to appeal on July 30, 2024. ITU served its appellate document on November 22, 2024, and its supplement on December 16, 2024. WSCUC filed its appellate document on January 31, 2025. The hearing on the appeal was set for February 25, 2025, but the hearing was continued given that ITU's counsel withdrew on February 24, 2025. The hearing subsequently took place on April 16, 2025, and the appeal panel upheld WSCUC's accreditation withdrawal decision on May 6, 2025.

---

[2] The Court notes that ITU filed no exhibits to accompany its motion for summary judgment except for a declaration from ITU's president and chief executive officer, Yau-Gene Chan. *See* Motion for Summary Judgment, Dkt. No. 30. ITU did, however, file exhibits with its reply in support of its motion for summary judgment. Reply in Support of Motion for Summary Judgment, Dkt. No. 33. WSCUC filed the relevant documents as exhibits to its cross-motion for summary judgment. ITU does not dispute the accuracy of the documents filed by WSCUC.

WSCUC implemented the decision on June 27, 2025. There is no evidence to suggest that WSCUC failed to follow its own rules, nor is there evidence to suggest that WSCUC's rules were unfair.

ITU's arguments to the contrary fall flat. ITU first contends that it should have been afforded an opportunity to arbitrate the dispute in this case. Motion for Summary Judgment, Dkt. No. 30, at 4. But as the Court has previously explained, it is ITU that filed this lawsuit. *See ITU II*, 2026 WL 710396, at *2 n.1. Because WSCUC does not seek to compel arbitration of this matter, the Court need not address this issue. *See Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715 SC, 2006 WL 3422198, at *4 (N.D. Cal. Nov. 28, 2006) ("[T]he Court cannot*, sua sponte*, order parties to arbitration.").

ITU also contends that WSCUC failed to follow the procedural framework set forth in the parties' November 2023 agreement, pursuant to which WSCUC reconsidered its 2022 accreditation revocation decision, because WSCUC ultimately included an additional CFR that it had not previously identified, CFR 1.8, as a basis for its subsequent decision to revoke ITU's accreditation in 2024. Motion for Summary Judgment, Dkt. No. 30, at 6–7. But nothing in the agreement prevented WSCUC from considering ITU's compliance with any of WSCUC's standards and CFRs. In any case, the appeals panel did not take CFR 1.8 into account when it withdrew accreditation (instead withdrawing accreditation based on the other CFR violations), so to the extent WSCUC should not have taken ITU's violations of CFR 1.8 into consideration, the appeal panel corrected that mistake.

ITU next argues that WSCUC should have allowed ITU the opportunity to question two former ITU employees who sent letters to WSCUC asserting that there were significant problems at ITU. Motion for Summary Judgment, Dkt. No. 30, at 9, 14. But WSCUC provided ITU with notice of the letters and an opportunity to respond to them, and there is no evidence to suggest that WSCUC failed to follow its policies and procedures in doing so.

ITU also argues that WSCUC improperly denied reasonable requests for extensions of time. Motion for Summary Judgment, Dkt. No. 30, at 9, 14. But the record suggests that ITU was afforded several extensions of time, and there is no evidence to suggest that WSCUC failed to

follow its policies and procedures in doing so.

ITU further contends that ITU's former president Jamienne Studley should have been recused from the administrative appeal process. Motion for Summary Judgment, Dkt. No. 30, at 14. ITU made this request in October 2024, which WSCUC denied, and again in January 2025, which WSCUC also denied. There is no evidence to suggest that WSCUC failed to follow its policies and procedures in denying ITU's requests.

ITU next argues that its objection to the appeal panel composition was never resolved. Motion for Summary Judgment, Dkt. No. 30, at 14. But ITU did not timely object to the composition of the appeal panel, in accordance with WSCUC's Institutional Appeals Policy, and there is no evidence to suggest that WSCUC failed to follow its policies and procedures.

Lastly, ITU contends that the only difference between its circumstances when it was accredited by WSCUC in 2018 and when its accreditation was revoked in 2024 was that Yau-Gene Chan was president in 2024 whereas Gregory O'Brian was president in 2018. Motion for Summary Judgment, Dkt. No. 30, at 15–16. That is plainly untrue, given the various violations of WSCUC standards and CFRs that were identified in 2024 and 2025.

## CONCLUSION

For the foregoing reasons, ITU's motion for summary judgment is denied and WSCUC's cross-motion for summary judgment is granted.

**IT IS SO ORDERED.**

Dated: October 30, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California